**WO** MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenghiz K. Stewart,<br><br>    Plaintiff,<br><br>vs.<br><br>Director Charles Ryan, et al.,<br><br>    Defendants. | No. CV 10-1110-PHX-MHM (ECV)<br><br>**ORDER** |

On May 21, 2010, Plaintiff Jenghiz K. Stewart, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1), an Application to Proceed *In Forma Pauperis* (Doc. #3), and a Letter (Doc. #4). On May 28, 2010, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. #5).

**I.    Letter**

In his Letter, Plaintiff states:

> [d]ue to my inability to access either the resource library Inmate Letter and/or my Assigned C/O III Wang. Would you please forward the Authorization for Funds Verification to the proper office at Central Unit of whom I know not. Also Could not make suffic[ie]nt copy for lack of access to library. Please send one confirmed with file Number.

First, it is improper for a party to communicate directly with court personnel. Simply mailing a letter to the Clerk of Court, the judge, or any court personnel is unacceptable. Any

request for action by the Court must be in the form of a motion that complies with the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules). Any future letters directed to the Clerk of Court, the judge, or any court personnel will not be filed, will be stricken from the record, and will be returned to Plaintiff.

Second, Plaintiff's Letter is utterly vague. It is unclear why Plaintiff is unable to access the "resource library inmate letters" or the Correctional Officer III assigned to him, or why Plaintiff could not "make sufficient copy for lack of access to library."

Third, as to Plaintiff's requests regarding his Application to Proceed *In Forma Pauperis*, the Court will deny Plaintiff's requests—the Court does not have an "Authorization for Funds Verification" and does not know to whom at the Arizona Department of Corrections (ADOC) Central Office such a form should be submitted. As to Plaintiff's request for a conformed copy, the Court will also deny this request. It is unclear of which document Plaintiff seeks a copy. Moreover, if Plaintiff is unable to access a photocopy machine, he can submit a legible handwritten copy if he wants a conformed copy of a document. The instructions attached to the court-approved form clearly permit this:

> You must send an original plus one copy of your complaint and of any other documents submitted to the Court. **You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you**. All copies must be identical to the original. **Copies may be legibly handwritten**.

(Emphasis added.)

## II. Applications to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's May 21st Application to Proceed is incomplete; the "Certificate of Correctional Official as to Status of Applicant's Trust Account" section is not completed and Plaintiff did not submit a certified six-month trust account statement. Thus, the Court will deny the May 21st Application to Proceed.

Plaintiff's May 28th Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's

1  income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The
2  Court will enter a separate Order requiring the appropriate government agency to collect and
3  forward the fees according to the statutory formula.

**III.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

**IV.  Complaint**

In his seven-count Complaint, Plaintiff sues the following Defendants, all of whom are employed at ADOC: Director Charles Ryan; FHA Regional Director Clenny; Deputy

1  Wardens Mendoza, Moody, Credio, and Green; Correctional Officer IV Ibara; FHAs Greely

2  and Kendall; Head Nurse Kenyon; Nurse Volare; Unknown Female Nurse on Duty on

3  4/23/10 at ADOC-South Unit; Psychiatric Nurse III Enmore; Sergeant Evens; Correctional

4  Officers II Harrison, Martinez, and Sampler; Various Officers and/or Correctional Officers;

5  and Psychiatric Associate III Christobal Eblen.

In his Request for Relief, Plaintiff sees injunctive relief and monetary damages.

## V.     Discussion of the Complaint

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable. See Rizzo, 423 U.S. at 371-72, 377.

### A.     Counts One, Two, Five, Six, and Seven

In **Count One**, Plaintiff alleges a violation of his Eighth Amendment rights regarding his medical care. He claims that Defendants Ryan, Clenny, Mendoza, Moody, Credio, Green, Ibara, Greely, Kendall, Kenyon, Volare, Unknown Female Nurse, Enmore, and Eblen have denied Plaintiff adequate medical and psychological care because they did not follow Defendant Ryan's recommendations in his resolution of a medical grievance appeal. Plaintiff contends that "each has played a role in subjecting Plaintiff to environmental factors that exacerbate his tics associated with Tourette Syndrom[e]" and that they "have not followed prescribed orders from licen[s]ed doctors, psychiatrists and specialists" and have not

followed through with "discussed and/or proposed alternative resolutions to lessen [Plaintiff's] exposure to factors or eliminate[e] all in all."

In **Count Two**, Plaintiff alleges a violation of his Eighth Amendment rights regarding a threat to his safety. He asserts that Defendants Ryan, Clenny, Mendoza, Moody, Credio, Green, Ibara, Greely, Kendall, Unknown Female Nurse, Enmore, Evens, Harrison, Martinez, Sampler, various Officers and/or Correctional Officers, and Eblen have "subjected the Plaintiff to hazardous conditions which have and continue to threaten the Plaintiff's physical and mental well-being." Plaintiff contends that he has suffered assaults by correctional officers and physical, mental, and/or verbal confrontations with inmates. Plaintiff asserts that Defendants have acted willfully and with "total and blatant disregard of the Plaintiff's special needs orders."

In **Count Five** Plaintiff alleges that Defendants Ryan, Clenny, Mendoza, Moody, Credio, Green, Ibara, Greely, Kendall, Kenyon, Volare, Unknown Female Nurse, Enmore, Evens, Harrison, Martinez, Sampler, Various Officers and/or Correctional Officers, and Eblen have violated Section 504 of the Rehabilitation Act. He claims Defendants have refused to "provide or hinder provisions necessary to allow Plaintiff to be able to participate in various activities" because they have not provided Plaintiff with proper medical care, denied Plaintiff "help needs such as medical accommodations on a level three unit," did not provide him with "technical equipment" to help him have mobility on the unit. Plaintiff also asserts that Defendants Martinez, Sampler, and Various Unknown Officers and/or Correctional Officers "continually denied and/or harassed Plaintiff whenever he took [unreadable] outside his dorm to escape environmental factors."

In **Count Six**, Plaintiff alleges that "the Defendants have and continue to discriminate against the Plaintiff by not allowing him Equal Opportunities as otherwise healthy and normal inmates, by collectively hindering and/or preventing his abilities to participate in programs and/or all types of activities because of his particular types of disorders." Plaintiff claims this violates Section 504 of the Rehabilitation Act and constitutes "Discrimination of an American with Disabilities."

In **Count Seven**, Plaintiff alleges that Defendants Ryan, Clenny, Mendoza, Moody, Credio, Green, Ibara, Greely, Kendall, Kenyon, Volare, Unknown Female Nurse, Enmore, Evens, Harrison, Martinez, Sampler, and Eblen have deprived him of due process of law, in violation of his Fifth Amendment rights because they have continually moved Plaintiff from unit to unit, forcing him to live in environmental factors that exacerbate his tics.

In Counts One, Two, Five, Six, and Seven, Plaintiff has failed to identify specific conduct by a specific defendant; he has simply made vague and conclusory allegations against a group of Defendants. Plaintiff's allegations in Counts One, Two, Five, Six, and Seven are therefore insufficient to state a claim against any particular Defendant. Thus, the Court will dismiss without prejudice Counts One, Two, Five, Six, and Seven.

**B.    Count Three**

In **Count Three**, Plaintiff alleges that he has been subjected to excessive force in violation of the Eighth Amendment. Plaintiff contends that Defendants Unknown Female Nurse on Duty, Enmore, Evens, and Various Officers and/or Correctional Officers "subjected Plaintiff to unnecessary behind the back handcuffs while strapped faced down to a gurn[e]y," removed his medically authorized protective eyewear and earplugs, and yelled in his "oversensitive ears," demanding to know whether Plaintiff had taken drugs. Plaintiff claims that, after he explained his various sensitivities, Defendants Evens, Harrison, and Various Unknown Officers and/or Correctional Officers, for more than an hour, "stood around blaring their staff radios in and around plaintiff causing him to scream in severe pain." Plaintiff claims that Defendants Unknown Female Nurse on Duty and Enmore, failed to stop the other Defendants' actions and, in fact, encouraged them by stating "he's all yours; we're leaving."

Liberally construed, Plaintiff has stated Eighth Amendment claims against Defendants Unknown Female Nurse on Duty, Enmore, Evens, Harrison, and Various Officers and/or Correctional Officers. The Court will require Defendants Enmore, Evens, and Harrison to answer Count Three.

The Court will not direct that service be made at this time on Defendants Unknown Female Nurse on Duty or Various Officers and/or Correctional Officers. The Court is unable to identify these individuals, and, as a practical matter, it is virtually impossible for the United States Marshal to serve a summons and complaint upon unknown persons. However, the Court will not dismiss the claims against the Defendants Unknown Female Nurse on Duty or Various Officers and/or Correctional Officers at this time. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of defendants is unknown prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds).

### C. Count Four

In **Count Four**, Plaintiff alleges that he was retaliated against in violation of the First Amendment. Plaintiff alleges multiple acts of retaliation by various Defendants. A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff claims that Defendants Credio and Ibara and Defendants Clenny, Mendoza, Greely, and Eblen had Plaintiff moved either within the unit or to a different unit in retaliation for complaints and grievances that Plaintiff had filed. Plaintiff has failed to state

a claim because he has failed to allege that the cell and unit movements did not reasonably advance a legitimate correctional goal.

Plaintiff claims that Defendants Martinez, Sampler, and Various Unknown Officers and/or Correctional Officers harassed Plaintiff and attempted to regulate and control his movements because Plaintiff had filed verbal and informal complaints against them. Plaintiff's allegations of harassment are too vague and conclusory to state a claim. Plaintiff has failed to allege that Defendants' efforts to regulate and control his movements did not reasonably advance a legitimate correctional goal. Moreover, Plaintiff has stated an alternative basis for Defendants's conduct—they "did not appreciate [Plaintiff] having certain liberties from [Defendants] Mendoza and . . . Eblen." Thus, it is not clear that Plaintiff's exercise of his First Amendment rights was a substantial or motivating factor behind Defendants' conduct.

Plaintiff asserts that Defendant Kendall retaliated against Plaintiff by "not filing his upheld medical grievance appeal." Plaintiff has failed to state a claim because his allegations are vague and conclusory, because he does not allege that Defendant Kendall failed to file the document because Plaintiff engaged in protected conduct, and because he does not allege that his First Amendment rights were chilled or that he suffered more than minimal harm from Defendant Kendall's conduct.

Plaintiff claims that Defendants Unknown Female Medical Nurse on Duty and Enmore retaliated against Plaintiff by committing him to a three-day "watch" because Plaintiff made "verbal complaints" that he would take the medical department to court and by "informing ADOC staff 'he's all yours' when Plaintiff could not cooperate with the[ir] questions." Plaintiff's allegations are too vague to state a claim. He does not allege that being placed on a three-day "watch' caused him any harm or chilled his First Amendment rights. In addition, a failure to cooperate with prison officials is not protected conduct.

Plaintiff contends that Defendant Harrison retaliated against him by falsely alleging that he had physically harmed her and that Defendants Moody, Evens, and Various Unknown Officers and/or Correctional Officers retaliated against him by physically injuring him

1 because Defendant Harrison told them that Plaintiff had physically assaulted her. Plaintiff
2 has failed to state a claim because he has failed to allege that these Defendants took these
3 actions because he engaged in any protected conduct. Moreover, he has failed to suggest that
4 the exercise of his First Amendment rights was a substantial or motivating factor behind
5 Defendants' actions.

6 Plaintiff asserts that Defendants Greely, Kenyon, Volare, and Eblen denied him
7 "adequate medical and psychological car[e] or help" in retaliation for various complaints and
8 grievances Plaintiff filed. These allegations, very liberally construed, state a First
9 Amendment retaliation claim. The Court will require Defendants Enmore, Greely, Kenyon,
10 Volare, and Eblen to answer these portions of Count Four.

**VI. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's May 21, 2010 Application to Proceed *In Forma Pauperis* (Doc. #3) is **denied without prejudice**.

(2) Plaintiff's Letter (Doc. #4), to the extent it requests relief, is **denied without prejudice**.

(3) Plaintiff's May 28, 2010 Application to Proceed *In Forma Pauperis* (Doc. #5) is **granted**.

(4) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(5) Counts One, Two, Five, Six, and Seven are **dismissed** without prejudice.

(6) Defendants Ryan, Clenny, Mendoza, Moody, Credio, Green, Ibara, Kendall, Martinez, and Sampler are **dismissed** without prejudice.

(7) Defendants Enmore, Evens, and Harrison must **answer** Count Three.

(8) Defendants Greely, Kenyon, Volare, and Eblen must **answer** the portion of Count Four in which Plaintiff alleges that these Defendants denied him adequate medical and psychological care in retaliation for complaints and grievances Plaintiff filed. The remainder of Count Four is **dismissed** without prejudice.

(9) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Enmore, Evens, Harrison, Greely, Kenyon, Volare, and Eblen.

(10) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(11) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(12) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(13) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

   (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(14) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(15) Defendants Enmore, Evens, Harrison, Greely, Kenyon, Volare, and Eblen must answer Counts Three and the relevant portion of Count Four of the Complaint, or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(16) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(17) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 14th day of June, 2010.

_____
Mary H. Murguia
United States District Judge