| 1 | **WO** | MDR |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| Jenghiz K. Stewart, | ) No. CV 10-1110-PHX-MHM (ECV) |
|---|---|
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Director Charles Ryan, et al., | ) |
| Defendants. | ) |

## I. Background

Plaintiff Jenghiz K. Stewart is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona. In a June 16, 2010 Order, the Court dismissed without prejudice Counts One, Two, Five, Six, and Seven, a portion of Count Four, and Defendants Ryan, Clenny, Mendoza, Moody, Credio, Green, Ibara, Kendall, Martinez, and Sampler. The Court required Defendants Enmore, Evens, and Harrison to answer Count Three; and required Defendants Greely, Kenyon, Volare, and Eblen to answer a portion of Count Four.

On July 7, 2010, Plaintiff filed a "Request for Relief from Order . . . Pursuant to Rule 60[,] Fed[.] R. Civ. P.[,] Excusable Neglect, Mistakes" (Doc. 9).

## B. Pending Motion

In his Request for Relief from Order, Plaintiff seeks relief from the Court's June 16th Order because of Plaintiff's excusable neglect and mistakes due to "lack of proper supplies and much c[h]aos." Plaintiff requests that the Court reconsider the dismissal of Counts One,

1  Two, Five, Six, and Seven, and allow him to "salvage [his] Complaint and state viable/triable
2  claims."

3  First, Rule 60(b) of the Federal Rules of Civil Procedure is inapplicable. Rule 60(b) applies only when there is "a final judgment, order, or proceeding," and the June 16th Order is not a final order because the Court dismissed some, but not all, of the claims and did not direct the entry of a partial final judgment. See Corn v. Guam Coral Co., 318 F.2d 622, 629 (9th Cir. 1963) ("'final' judgments, orders or proceedings referred to in the first sentence of [Rule 60(b)] . . . are those which terminate the litigation in the district court subject only to the right of appeal"); see also Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993) (Rule 60(b) did not apply when "claims between the other parties to the litigation remained unresolved in the district court"). However, the Court, in its discretion, will review Plaintiff's Motion as a motion for reconsideration pursuant to Federal Rule Civil Procedure 54(b) and Local Rule of Civil Procedure 7.2(g).

"Motions to reconsider are appropriate only in rare circumstances." Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

The Court has reviewed Plaintiff's Complaint, the Court's June 16th Order, and Plaintiff's Request for Relief from Order. The Court finds no basis to reconsider its decision. Thus, the Court will deny Plaintiff's Request for Relief from Order. In so doing, the Court notes that Rule 15(a)(1) of the Federal Rules of Civil Procedure states:

> A party may amend its pleading once as a matter of course within:
>
> (A)    21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Because the Defendants have not yet been served in this action and have therefore not served any responsive pleadings, Plaintiff is not precluded from amending his Complaint.

**IT IS ORDERED:**

    (1) The reference to Magistrate Judge Edward C. Voss is **withdrawn only** with respect to Plaintiff's "Request for Relief from Order" (Doc. 9).

    (2) Plaintiff's "Request for Relief from Order" (Doc. 9) is **denied**.

    (3) All other matters **must remain** with Magistrate Judge Edward C. Voss for disposition as appropriate.

DATED this 23rd day of July, 2010.

_____
Mary H. Murgula
United States District Judge