WO                                                                                               **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jenghiz K. Stewart,                )    No. CV 10-1110-PHX-MHM (ECV)
                                   )
      Plaintiff,                  )    **ORDER**
                                   )
vs.                                )
                                   )
Charles L. Ryan, et al.,           )
                                   )
      Defendants.                 )
                                   )

Plaintiff Jenghiz K. Stewart brought this civil rights action under 42 U.S.C. § 1983 against various employees of the Arizona Department of Corrections (ADC) (Doc. 1). Before the Court is Plaintiff's Motion for Injunction and Temporary Restraining Order (Doc. 34). The motion will be denied as moot.

**I.     Background**

Plaintiff presented two claims for relief in his Complaint: one count of excessive force in violation of the Eighth Amendment and one count of retaliation in violation of the First Amendment (Doc. 1 at 3-4).[1]  After Defendants were directed to answer, they filed a Motion to Dismiss for failure to exhaust administrative remedies.[2]  Plaintiff sought and received two extensions of time to respond to the motion (Docs. 24, 26, 31, 37).  Plaintiff then filed his

---

[1] Upon screening, Counts One, Two, Five, Six, and Seven were dismissed for failure to state a claim (Doc. 7 at 10).

[2] Defendants' motion remains pending and will be addressed by separate order.

instant motion for injunctive relief, contending that a prison paralegal refused to photocopy all of Plaintiff's exhibits that he desired to submit with his response (Doc. 34). Plaintiff's motion seeks an order compelling the paralegal to make Plaintiff's requested photocopies (id.).

**II.     Motion for Injunctive Relief**

    **A.     Legal Standard**

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995) (emphasis added)). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). The moving party has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

    **B.     Analysis**

After service of Plaintiff's motion for injunctive relief, Plaintiff filed his response to Defendants' motion to dismiss, which included over 350 pages of exhibits (Docs. 41, 43, 44). Plaintiff also acknowledged in his reply that he has received his requested copies (Doc. 48). Because Plaintiff has received the relief he requested, his motion for injunctive relief is moot and will be denied. Hodger-Durgin v. De La Vina 199 F.3d 1037, 1042 (9th Cir. 1999) (quoting O'Shea v. Littleton, 414 U.S. 488, 494 (1974)).

Furthermore, a court may not issue an injunction against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); see also Fed. R. Civ. P. 65(d)(2)(C). Consequently, Plaintiff's request for injunctive relief against a prison paralegal is inappropriate. For this additional reason, the motion must be denied.

Finally, Plaintiff filed a duplicate request for injunctive relief, styled as a motion to compel (Doc. 38). This duplicative motion will also be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Injunction and Temporary Restraining Order (Doc. 34) and Motion to Compel Paralegal (Doc. 38).

(2) Plaintiff's Motion for Injunction and Temporary Restraining Order (Doc. 34) and Motion to Compel Paralegal (Doc. 38) are **denied as moot**.

DATED this 14th day of December, 2010.

_____
Mary H. Murguia
United States District Judge